[No. 13413.  Department Two.  October 9, 1916.]

MARIE VILLA, *Appellant*, v. HOWARD R. KEYLOR *et al.*, *Respondents*.[1]

WATERS AND WATER COURSES—RIPARIAN RIGHTS—APPROPRIATION— PRESCRIPTIVE RIGHTS.  Upon a controversy as to the riparian right to the waters of a creek for irrigation, under a deed as to which there was room for a difference of opinion as to the amount of water granted, a continued mutual diversion by both parties for a period of twenty years of a certain proportion of the water becomes determinative of their rights, although there may have been no express agreement to that effect.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered July 21, 1915, in favor of the defendants, in an action for equitable relief, tried to the court.  Affirmed.

*Frank B. Sharpstein*, for appellant.

*Everett J. Smith, Francis A. Garrecht, Evans & Watson, Thomas H. Brents*, and *John F. Watson*, for respondents.

PARKER, J.—The plaintiff, Marie Villa, the owner of land riparian to Ritz creek, a small stream with a limited quantity of water, in Walla Walla county, seeks to have defend-

[1]Reported in 160 Pac. 297.

ants enjoined from diverting the water of that creek above her land, which she claims they are unlawfully doing to her damage; and also prays that the amount of the water of the creek which she and each of the defendants is lawfully entitled to be finally adjudicated in this action. Trial in the superior court resulted in a decree determining the proportionate amount of the water of the creek each of the parties is entitled to, which in effect awards the water to each of them in substantially the same proportion that it has for many years past been diverted and used by them. From this disposition of the case, the plaintiff has appealed to this court.

Appellant claims that she is entitled to one-half of the water of the creek, while the decree awards to her a less proportion thereof. Her claim to one-half of the water is rested upon a deed executed by Alexander Blackhall in 1878, conveying her land here involved to her deceased husband, to whose interest she has succeeded by his will. This deed describes the easterly boundary of her land as running northerly "to the center of the south channel of Ritz creek," and describes the northerly boundary thereof as running "thence westerly following the said south channel of Ritz creek." The north channel of the creek does not touch the land conveyed by this deed. The concluding words of the deed grant to Villa "the privilege of diverting one-half of the water of said creek for irrigation." When this deed was executed by Blackhall, he was the owner of the entire quarter section in which the land and water right conveyed to Villa lay. This quarter section, viewed as a whole, is riparian to both channels of the creek, both above and below the land conveyed to Villa, though the land conveyed to Villa, viewed as a separate tract, is riparian only to the south channel of the creek. At that time defendant Catherine J. Ritz owned forty acres of land riparian to the creek in the adjoining quarter section below, in connection with which she had acquired by appropriation the right to a considerable portion of the water of

the creek as against the owner of the Blackhall quarter section, such appropriation right apparently having been acquired while that quarter section was government land. We notice these quoted words of the Blackhall deed to Villa, the fact that the north branch of the creek does not touch the land conveyed by Blackhall to Villa, and the then acquired appropriation right of Catherine J. Ritz in connection with her forty acres below, not with a view of determining what the appropriation rights of Catherine J. Ritz and the granted rights of Villa might be under these rights alone, but for the purpose of showing that there is room for difference of opinion as to the extent of the water right thus granted by Blackhall to Villa; that is, as to whether Villa acquired by that conveyance only half the water of the south channel or half the water of both channels of the creek. These facts would seem to furnish a reason for the subsequent actions of the parties, which the trial court regarded as controlling their present water rights.

The evidence, we think, warrants the conclusion that, for a period of some twenty years prior to the commencement of this action, each of the parties diverted from the creek and used upon their respective tracts of land substantially the same proportionate amount of the water of the creek as is awarded to them by the decree in this action. The theory upon which the trial court so apportioned the water was that this continued use of the water by mutual consent ripened into a binding agreement between them as to the apportionment of the water, though there may not have been an express agreement between them to that effect. That such a continued mutual diversion and use of all the water for such a period of time would become determinative of the rights of the parties touching the apportionment of the water seems plain as a matter of law, especially when such apportionment seems equitable, as it does in this case. Therefore, as we view the controversy, there is involved only the question of fact as to such continued mutual diversion and use of the water. The

evidence is somewhat voluminous touching this question and is also somewhat conflicting. We have read it all with care, as presented to us in the abstracts prepared by counsel, and are led to the view that it warrants the conclusion reached by the trial court. Upon the whole record, we are of the opinion that we would not be warranted in disturbing the apportionment of the water as decreed by the trial court, who heard and saw the numerous witnesses upon the trial. We think that it would result to no useful purpose to analyze the evidence in detail in this opinion.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, MAIN, and BAUSMAN, JJ., concur.